James C. Shah (SBN 260435)
Kolin C. Tang (SBN 279834)
**MILLER SHAH LLP**
19712 MacArthur Blvd.
Irvine, CA 92612
Telephone: (866) 545-5505
Facsimile: (866) 300-7367
Email: jcshah@millershah.com
         kctang@millershah.com

*Counsel for Plaintiff Michael C. DeLong*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL DELONG, individually and on behalf of all others similarly situated, | **CLASS ACTION** |
| Plaintiff, | |
| v. | Case No.: 8:21-cv-1653 |
| HEALTHCOMPARE INSURANCE SERVICES, INC., | **CLASS ACTION COMPLAINT** |
| Serve registered agent: 3333 Michelson Drive, Suite 500 Irvine, California 27105 | **JURY TRIAL DEMANDED** |
| Defendant. | |

## CLASS ACTION COMPLAINT

COMES NOW Plaintiff, Michael DeLong ("Plaintiff" or "DeLong"), individually, and on behalf of all others similarly situated, and for his Class Action Complaint against Defendant HealthCompare Insurance Services, Inc. ("Defendant" or "HealthCompare"), states:

CLASS ACTION COMPLAINT
1

## BACKGROUND, PARTIES, JURISDICTION AND VENUE

1. Plaintiff brings this case to protect the privacy rights of himself and a class of similarly situated people who were called on their phones by HealthCompare. HealthCompare called DeLong and the putative class members using an artificial or prerecorded voice without first obtaining the prior express written consent of DeLong and the putative class members.

2. In the early 1990s, Congress enacted the Telephone Consumer Protection Act ("TCPA") to protect consumers' privacy rights, namely, the right to be left alone from unwanted telemarketing calls. A leading sponsor of the TCPA described unwanted telemarketing calls as "the scourge of modern civilization." 137 Cong. Rec. 30821 (1991).

3. From January 2021 until August 2021, approximately 34.7 billion robocalls were placed in the United States. RobocallIndex.com, YouMail Robocall Index, https://robocallindex.com/history/time (last visited September 30, 2021). The private right of enforcement of the TCPA is critical to stopping the proliferation of these unwanted telemarketing calls. For example, while the Federal Communications Commission levied over $200 million in penalties against telemarketers between 2015 and 2018, it collected less than $7,000 of that amount. *See* Sarah Krouse, *The FCC Has Fined Robocallers $208 Million. It's Collected $6,790*, THE WALL STREET JOURNAL, March 28, 2019,

CLASS ACTION COMPLAINT
2

https://www.wsj.com/articles/the-fcc-has-fined-robocallers-208-million-its-collected-6-790-11553770803.

4. DeLong is an individual who resides in Arlington, Texas and is a citizen of the State of Texas.

5. DeLong brings this action on behalf of himself and all others similarly situated.

6. HealthCompare is a Delaware corporation that is headquartered in the State of California. HealthCompare has been in good standing to transact business at all times relevant to this Complaint.

7. HealthCompare transacts business in California and throughout the United States.

8. HealthCompare's primary business in selling health insurance plans.

9. HealthCompare's website states that it "research[es] and present[s] only those health insurance quotes that match your specific needs."

10. HealthCompare's website states that it "offers free, accurate comparisons for Medicare (Part C), Medicare Supplement Insurance (Medigap), and Medicare Prescription Drug (Part D) plans."

11. HealthCompare markets its products and services, in part, through placing telephone calls to prospective customers' cell phones.

12. DeLong is the owner of a cell phone. His cell phone number is 972-XXX-5431.

13. DeLong did not provide his phone number to be called by HealthCompare.

14. DeLong did not provide HealthCompare prior express written consent to call him on his cell phone.

15. DeLong had no prior business relationship with HealthCompare.

16. DeLong never inquired of HealthCompare about any of its services before or at the time he received the calls at issue.

17. DeLong was not in the market for health insurance at the time he received the call at issue from HealthCompare.

18. To ensure he did not receive unwanted telemarketing calls, DeLong registered his phone number on the National Do Not Call Registry in June 2006.

19. On or about May 29, 2020, DeLong received a call on his cell phone from HealthCompare or someone acting on its behalf. The call was an artificial voice and prerecorded voice call.

20. The call was setup in a way that when DeLong responded to the prerecorded questions asked by the prerecording, a prerecorded voice would provide a canned response to DeLong's response after an unnatural pause in the conversation.

21. The prerecorded call stated, "Hi! My name is Olivia, I am calling from Healthcare Solutions. How are you doing today?" In response DeLong responded, "Good, how are you?"  The recording then paused and provided an artificial/prerecorded response to DeLong.

CLASS ACTION COMPLAINT
4

22. The prerecorded call continued by stating, "This call is to let you know that the rates on Medicare supplemental insurance has (sic) been recently dropped. And we're providing to you no obligation discounted quotes for Medicare supplement or Medigap. For that I just need to ask you a couple questions to see if you qualify for the program, okay?"

23. The prerecorded voice/artificial voice call then asked DeLong's age and whether he was interested in Medicare Part A, Part B or both. The caller's artificial/prerecorded voice then said it seemed like DeLong was "a perfect candidate." The prerecorded/artificial voice caller then stated that she was, "going to get one of my senior agents on the line to provide you with all the information that you need and answer all the questions you might have regarding the program."

24. DeLong was eventually transferred to who was described as a "licensed agent." The licensed agent stated, "HealthCompare enrollment line . . . how may I help you?" The "licensed agent" then said he could assist Mr. DeLong.

25. The representative advised DeLong he worked with "HealthCompare" and that this was the enrollment line. The representative further stated that he was a "licensed" advisor.

26. The live agent then asked DeLong a series of questions. The live agent asked DeLong his age, questions about his Medicare coverage, secondary coverage and also compared a variety of Medicare supplemental plans and deductibles with Mr. DeLong.

27. HealthCompare's conduct violated the privacy rights of DeLong and the putative class members, as they were subjected to annoying and harassing calls. HealthCompare calls intruded upon the rights of DeLong and the putative class members to be free from invasion of their interest in seclusion.

28. HealthCompare's conduct caused DeLong and the putative class members to waste time addressing and/or otherwise responding to the unwanted calls.

29. On information and belief, HealthCompare has sold policies of insurance through its telemarketing calls that it placed to the putative class members.

30. To the extent HealthCompare did not directly place the calls to DeLong and the putative class members, it is vicariously liable for the calls placed to DeLong and the putative class members.

31. On information and belief, to the extent HealthCompare is vicariously liable for the calls placed, HealthCompare controlled or otherwise had the right to control the marketing practices of the persons or entities acting on its behalf.

32. On information and belief, to the extent HealthCompare is vicariously liable for the calls placed, HealthCompare authorized its agents to initiate the calls to DeLong and the putative class members.

33. On information and belief, to the extent HealthCompare is vicariously liable for the calls placed, HealthCompare ratified the calls made to DeLong and the putative class members described because they accepted and intended the benefits to

them of the calls while knowing or consciously avoiding knowing their telemarketer-agents did not have prior express written consent to call these phone numbers.

## Class Allegations

34. Pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3), DeLong brings this lawsuit as a class action on behalf of herself and all others similarly situated. This action satisfies the requirements of numerosity, commonality, typicality, and adequacy of representation.

35. DeLong seeks to represent the following class:

> **Prerecorded/Artificial Voice Class:** All persons with cell phone numbers during the time period from four years prior to the filing of this action until the date a class is certified, to whom HealthCompare or someone acting on its behalf placed a prerecorded or artificial voice call.

36. DeLong reserves the right to add administrative subclasses, or to amend the definition of the proposed class, during the lawsuit proceedings.

37. The members of the proposed classes are so numerous that joinder of all members is impracticable. DeLong reasonably believes that hundreds or thousands of people have been harmed by HealthCompare's actions. The names and phone numbers of the members of the proposed class are readily identifiable through records available to HealthCompare or those acting on its behalf.

38. Members of the proposed class have suffered damages in an amount such that it would make filing separate lawsuits by individual members economically infeasible.

39. Common questions of law and fact exist as to all members of the proposed class and predominate over any questions affecting only individual members. The questions of law and fact common to the proposed class include, but are not limited to:

   a. Whether HealthCompare or someone acting on its behalf placed prerecorded or artificial voice calls to the putative class members' residential telephone lines without first obtaining the proper form of consent from the putative class members;

   b. Whether HealthCompare or someone acting on its behalf placed prerecorded voice or artificial voice calls to the putative class members;

   c. Whether HealthCompare's conduct violates 47 U.S.C. § 227(b);

   d. Whether HealthCompare's conduct violates the rules and regulations implementing the TCPA; and,

   e. Whether DeLong and the putative class members are entitled to increased damages for each violation based on the willfulness of HealthCompare's conduct.

40. DeLong's claims are typical of the claims of the proposed class members because his claims arise from the same practice that gives rise to the claims of the members of the proposed class and is based on the same legal theories.

41. DeLong and his counsel will fairly and adequately protect the interests of the members of the proposed class. DeLong's interests do not conflict with the

interests of the proposed class he seeks to represent. DeLong has retained lawyers who are competent and experienced in class action, TCPA litigation and consumer law.

42. DeLong's counsel will vigorously litigate this case as a class action, and DeLong and his counsel are aware of their responsibilities to the putative members of the class and will discharge those duties.

43. A class action is superior to all individual lawsuits for this controversy. Joinder of all proposed members of the proposed class in one action is impracticable if not impossible and prosecuting hundreds or thousands of individual actions is not feasible. The size of the individual claims is not large enough to justify filing a separate action for each claim. For members of the proposed class, a class action is the only procedural mechanism that will allow recovery. Even if members of the proposed class had the resources to pursue individual litigation, that method would be unduly burdensome to the courts. Individual litigation could also result in inconsistent adjudications.

44. In contrast, a class action is superior in that it will benefit the court and litigating parties through efficiency, economy of scale and unitary adjudication resulting from supervision of the litigation by a single court.

**Count I - Violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.***

45. DeLong incorporates by reference the allegations of the previous

paragraphs as if fully stated in this Count.

46. The TCPA states, in part:

> It shall be unlawful . . . to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes . . . .

47 U.S.C. § 227(b)(1)(B).

47. The TCPA defines a "telephone solicitation" as a "call or message for the purpose of encouraging the purchase of goods, or services which is transmitted to any person." 47 U.S.C. § 227(a)(4).

48. The penalty for making a call to a cell phone using an artificial or prerecorded voice is $500 per call and up to $1,500 per call if the violation is determined to be willful. *See* 47 U.S.C. §§ 227(b)(3).

49. The Federal Communications Commission's regulations implementing the TCPA provide that telephone prerecorded or artificial voice solicitations cannot be made to a recipient without the recipient's "prior express written consent." *See* FCC 12-21, CG Docket 02-278 (effective October 16, 2013); 47 C.F.R. § 64.1200(a)(2)

50. The term "prior express written consent" as defined by the Code of Federal Regulations means "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic

telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered." 47 C.F.R. § 64.1200(f)(8)(i).

51. DeLong and the putative class members are entitled to damages of $500.00 per violation for each call made by HealthCompare and up to $1,500.00 per violation if the Court finds that HealthCompare willfully violated the TCPA.

## Demand for Judgment

WHEREFORE Plaintiff Michael DeLong, individually, and on behalf of all others similarly situated, requests the Court grant the following relief:

a. Enter an order against HealthCompare Insurance Services, Inc. pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3), certifying this action as a class action and appointing DeLong as the class representative;

b. Enter an order appointing Miller Shah LLP and Butsch Roberts & Associates LLC as class counsel;

c. Enter judgment in favor of DeLong and the putative class for all damages available under the TCPA, including statutory damages of $500 per violation of 47 U.S.C. § 227(b) and up to $1,500 per violation of each subsection if HealthCompare Insurance Services, Inc. willfully violated the TCPA;

d. Award DeLong and the class all expenses of this action, and requiring HealthCompare Insurance Services, Inc. to pay the costs and expenses of class notice and administration; and,

   e.  Award DeLong and the class such further and other relief the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a jury trial in this case.

Dated: October 6, 2021    Respectfully submitted,


              By: /s/ James C. Shah
              James C. Shah (SBN 260435)
              Kolin C. Tang (SBN 279834)
              **MILLER SHAH LLP**
              19712 MacArthur Blvd.
              Irvine, CA 92612
              Telephone: (866) 540-5505
              Facsimile: (866) 300-7367
              Email: jcshah@millershah.com
                  kctang@millershah.com

              **BUTSCH ROBERTS & ASSOCIATES LLC**
              David T. Butsch (*pro hac* forthcoming)
              Christopher E. Roberts (*pro hac* forthcoming)
              231 S. Bemiston Avenue, Suite 260
              Clayton, Missouri 63105
              Ph: (314) 863-5700
              Fax: (314) 863-5711
              DButsch@butschroberts.com
              CRoberts@butschroberts.com

              *Attorneys for Michael DeLong*